IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JEFFREY D. MCKINNEY, JR.,      *

     Plaintiff,           *

vs.                          *

SHERIFF JOHN DARR and       *     CASE NO. 4:15-cv-181 (CDL)
CONSOLIDATED GOVERNMENT OF
MUSCOGEE COUNTY, GEORGIA,    *

     Defendants.          *

_____

O R D E R

Plaintiff Jeffrey D. McKinney, Jr. is an inmate in the Muscogee County Jail. McKinney claims that he is mentally ill and that when he arrived at the jail as a pretrial detainee, jail officials did not properly classify him as an individual with a mental illness. He also alleges that jail officials did not properly supervise him or provide him with adequate mental health care. McKinney contends that as a result of these alleged failures, McKinney had a fight with his cellmate that resulted in the cellmate's death and McKinney being charged with murder. McKinney brought this action against Defendants Sheriff John Darr and the Columbus Consolidated Government ("CCG") under 42 U.S.C. § 1983.[1] He claims that Defendants violated his Fourteenth Amendment due process rights. Defendants filed a

_____

[1] McKinney sued "Consolidated Government of Muscogee County, Georgia." The correct name of the entity is Columbus Consolidated Government.

Motion to Dismiss (ECF No. 3), which is granted for the reasons set forth below.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL BACKGROUND

McKinney alleges the following facts in support of his claims. The Court must accept these allegations as true for purposes of the pending motion.

McKinney was a pretrial detainee at the Muscogee County Jail. He and Issac Kindred were incarcerated together in a jail

cell.     Both  McKinney  and  Kindred  had  a  history  of  mental
illness.     A  violent  fight  broke  out  between  the  two  inmates.
Kindred  died,  and  McKinney  was  charged  with  murder.     Jail
officials  discovered  the  incident  after  the  fact.

McKinney,  who  is  represented  by  counsel,  asserts  that
Defendants  did  not  properly  screen  and  classify  him  as  a
mentally  ill  inmate  and  that  Defendants  did  not  properly  monitor
him  to  ensure  his  safety  and  the  safety  of  other  inmates.
McKinney  further  contends  that  Defendants  did  not  provide  him
with  adequate  mental  health  care.     McKinney  purports  to  bring
claims  under  §  1983  and  Georgia  law.     The  Complaint  does  not
clearly  articulate  what  injuries  McKinney  contends  he  suffered.
McKinney's  response  to  Defendants'  motion  to  dismiss  likewise
does  not  explain  what  injuries  McKinney  claims  he  suffered.

DISCUSSION

McKinney  brings  two  claims  against  Defendants.     First,
McKinney  claims  that  Defendants  did  not  properly  classify  and
house  him  at  the  Muscogee  County  Jail.     Second,  McKinney  claims
that  Defendants  failed  to  provide  him  with  adequate  mental
health  treatment.     The  Court  interprets  these  claims  as  claims
under  §  1983  for  violations  of  the  Fourteenth  Amendment's  Due
Process  Clause.     *See  Cook  ex  rel.  Estate  of  Tessier  v.  Sheriff
of  Monroe  Cty.*,  402  F.3d  1092,  1115  (11th  Cir.  2005)  (noting
that  pretrial  detainees'  claims  are  governed  by  the  Fourteenth

Amendment's Due Process Clause).  The Court addresses each claim in turn.

## I.    Failure to Classify and House Claim

McKinney's first claim is that jail officials did not properly classify and house him.  Sheriff Darr argues that he is entitled to Eleventh Amendment immunity on this claim.  CCG contends that it is not liable because McKinney did not allege that a CCG policy or custom caused a constitutional violation with regard to McKinney's classification and housing.  The Court agrees on both counts.

"The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc).  This immunity extends to an "arm of the State." *Id.*  The Eleventh Circuit has concluded that a Georgia sheriff is an "arm of the state" in establishing policies for processing detainees. *Scruggs v. Lee*, 256 F. App'x 229, 232 (11th Cir. 2007) (per curiam).  The Eleventh Circuit has also found that a Georgia sheriff is an "arm of the state" in promulgating policies related to the risk of inmate-on-inmate attacks. *Purcell ex rel. Estate of Morgan v. Toombs Cty.*, 400 F.3d 1313, 1325 (11th Cir. 2005).  Based on this precedent, the Court finds that Sheriff Darr is an arm of the state in establishing policies related to the classification and housing of jail inmates.  Thus, he is entitled to Eleventh

Amendment immunity on McKinney's § 1983 classification and housing claim, and Sheriff Darr's motion to dismiss this claim is granted.

Turning to McKinney's § 1983 classification and housing claim against CCG, a local government is liable only when its "official policy" causes a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, McKinney must show that he suffered a constitutional violation caused by "(1) an officially promulgated [CCG] policy or (2) an unofficial custom or practice of [CCG] shown through the repeated acts of a final policymaker for [CCG]." *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).

McKinney does not allege that CCG has an official policy regarding classification or placement of inmates. McKinney does allege that Sheriff Darr was responsible for establishing policies related to jail operations. For CCG to be responsible for Sheriff Darr's policies and customs, Sheriff Darr must have been acting as a CCG policymaker in establishing those policies. *Id.* at 1347. But McKinney does not allege a factual basis for concluding that Sheriff Darr was the final policymaker *for CCG* with regard to inmate classification and housing policies. Rather, as discussed above, Sheriff Darr is an arm of the state in establishing such policies, so his "policy or practice cannot be said to speak for [CCG] because [CCG] has no say about that

policy or practice." *Id.* CCG's motion to dismiss McKinney's § 1983 housing and classification claim is therefore granted.[2]

## II.  Failure to Provide Adequate Mental Health Treatment Claim

McKinney's other claim is that the jail staff failed to provide him with adequate mental health treatment.[3] The "minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted

---

[2] McKinney makes a vague allegation that a consent decree with the United States Justice Department exists regarding the jail, but McKinney makes no specific allegations as to whether CCG is a party to that decree or CCG's obligations, if any, with regard to that decree. Therefore, the Court cannot determine from McKinney's Complaint whether such a decree could be construed to be a policy of CCG, which CCG knowingly ignored, or whether the Sheriff is a final policymaker for CCG with regard to compliance with that decree. Accordingly, the Court makes no findings or conclusions regarding the effect of the decree on the pending motion to dismiss.

[3] Inexplicably, Defendants' motion to dismiss McKinney's medical treatment claim focuses on Defendants' contention that McKinney did not allege that a CCG policy or custom caused any injury to McKinney. In other words, Defendants' primary argument addresses only McKinney's claim against CCG and does not address his claim against the Sheriff. This decision to focus exclusively on the "policy or custom" issue while ignoring the proper standard for a Fourteenth Amendment medical treatment claim is perplexing given that, as Defendants acknowledge, the Court previously concluded that a county sheriff acts as an arm of the county in providing medical care to jail inmates and a sheriff can serve as the county's final policymaker regarding promulgation of policies and procedures for providing adequate medical care to inmates. *See Youngs v. Johnson*, No. 4:06-CV-19(CDL), 2008 WL 4816731, at *8-*9 (M.D. Ga. Oct. 30, 2008).

Defendants do argue (apparently as an afterthought) that McKinney's Complaint does not state a claim because McKinney did not adequately allege causation on his medical treatment claim. McKinney was on notice of this argument, had a chance to respond to it, and did not seek leave to amend his Complaint to add additional factual allegations on causation. As discussed in more detail below, even accepting all of the allegations in the Complaint as true, the Court agrees with Defendants that McKinney did not adequately allege sufficient facts on causation and that his medical treatment claim fails for this reason.

prisoner; both [rights] are violated by a government official's deliberate indifference to serious medical needs." *Jacoby v. Baldwin Cty.*, 596 F. App'x 757, 763 (11th Cir. 2014) (per curiam) (alteration in original) (quoting *Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997)). "To prevail on a deliberate indifference to serious medical need claim, [a p]laintiff must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009). In other words, "a plaintiff must show that the defendant intentionally or recklessly disregarded his serious medical needs *in a way that injured him*." *Leigh v. Armor Med. Servs.*, No. 14-13027, 2015 WL 8233608, at *2 (11th Cir. Dec. 9, 2015) (per curiam) (emphasis added).

The Court assumes for purposes of the motion to dismiss that under a generous reading of the Complaint with all reasonable inferences drawn in McKinney's favor, McKinney sufficiently alleged that he had a serious medical need and that jail officials were deliberately indifferent to his condition. But McKinney did not allege any facts to suggest causation. In other words, McKinney did not allege that he suffered an injury that was caused by a jail official's deliberate indifference to a serious medical need that he had. To state a deliberate

indifference claim, there must be a causal connection between an injury suffered by McKinney and a jail official's deliberate indifference.   In other words, there must be some allegation that the lack of medical care caused McKinney an injury.  *See, e.g., Harper v. Lawrence Cty.*, 592 F.3d 1227, 1235 (11th Cir. 2010) (finding that causation was adequately alleged where the inmate died after jail officials failed to provide him treatment for delirium tremens); *Goebert v. Lee Cty.*, 510 F.3d 1312, 1329 (11th Cir. 2007) (finding a fact question on causation where the evidence viewed in the light most favorable to the inmate supported the conclusion that a jailer's intentional delay in providing medical care for a pregnant inmate "may have caused the loss of her child"); *see also Jacoby*, 596 F. App'x at 767 (finding no causal connection on a claim related to delayed treatment of pepper spray contamination because there was no allegation or evidence that "the pepper spray or the delay in decontamination caused" the plaintiff an injury).

Here, McKinney did not allege any facts to suggest that *his own* health condition was adversely impacted because of a jail official's actions, such as facts to suggest that a jail officials' failure to provide McKinney with medical treatment caused exacerbation of his medical problem.  Rather, McKinney appears to contend that he suffered an injury caused by deliberate indifference to a serious medical need because he has

been charged with murder in connection with Kindred's death. But McKinney did not point to any authority in support of his theory that his killing of another person constitutes an injury to himself, and the Court declines to fabricate such a theory of causation. Because McKinney did not allege any facts to suggest that a causal connection existed between a serious medical need that he had and a jail official's deliberate indifference to that need, his § 1983 claim for failure to provide adequate mental health treatment must be dismissed.[4]

---

[4] Neither McKinney nor Defendants mentioned the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, which applies to cases brought by incarcerated prisoners regarding prison conditions. Under the PLRA, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015). But the Eleventh Circuit has concluded that an incarcerated plaintiff may recover nominal damages without a showing of physical injury. *Id.* at 1307-08. In his Complaint, McKinney sought only compensatory and punitive damages, and he did not ask for nominal damages. Moreover, even if McKinney had sought nominal damages, there still must be some allegation of a constitutional injury for him to proceed with his § 1983 claim. In *Brooks*, for example, the plaintiff was "confined in conditions lacking in basic sanitation" because a deputy warden forced the plaintiff "to soil himself over a two-day period while chained in a hospital bed," which created "an obvious health risk and [was] an affront to human dignity." *Id.* at 1298. Based on these facts, the Eleventh Circuit concluded that while the plaintiff in *Brooks* did not suffer a physical injury, he did suffer a constitutional injury. *See also Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) (per curiam) (finding that pro se prisoner had sufficiently alleged a First Amendment violation because he "alleged that, in retaliation for filing lawsuits and grievances, prison officials deliberately falsified reports, which resulted in him spending excessive time in disciplinary and close-management confinement and losing his yard privileges"). Here, McKinney simply alleged that jail officials failed to provide him with mental health treatment. He did not allege that he suffered a constitutional injury caused by that failure. Again, the Court declines to conclude that McKinney was injured because he was charged with killing another person.

### III. State Law Claims

McKinney's Complaint suggests that McKinney is asserting state law claims against Defendants. *See* Compl. ¶ 3, ECF No. 1 (basing jurisdiction in part "on the pendent authority of this Court to entertain claims arising under State Law"). It is not clear from McKinney's Complaint what state law claims he is attempting to assert. The Court has dismissed all of McKinney's § 1983 claims, which are the only claims over which the Court has original jurisdiction. The Court declines to exercise supplemental jurisdiction over any state law claims McKinney is attempting to assert. *See* 28 U.S.C. § 1367(c)(3) (stating that the district courts "may decline to exercise supplemental jurisdiction over" state law claims if "the district court has dismissed all claims over which it has original jurisdiction").

CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 3) is granted.


IT IS SO ORDERED, this 24th day of March, 2016.

S/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA